**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SHIVAKUMAR HANUBAL, ROHINI SASTRY,**

**Plaintiffs,**

**v.** **Case No.: 5:25-cv-00385-JSM-PRL**

**TOPA INSURANCE COMPANY,**

**Defendant,**
**____________________________________/**

**ORDER**

This matter is before the Court on Defendant's motion to seal under Local Rule 1.11. (Doc. 27). Although Defendant titled its motion "opposed," it later filed a supplement advising that Plaintiffs have no opposition to the requested seal. (Doc. 28).

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Pursuant to the Local Rules, "[s]ealing a docketed item, including a settlement agreement, used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access." M.D.Fla. L.R. 1.11(a). Where, as here, the motion to seal is uncontested, "the Court must still ensure that the motion is supported by good cause." *Main & Associates, Inc. v. Blue Cross & Blue Shield of Ala.*, No. 2:10-CV-326-MEF, 2010 WL 2025375, at *2 (M.D. Ala. May 20, 2010).

Here, Defendant seeks to seal Plaintiff's Notice of Acceptance of Offer of Judgment which contains Defendant's Offer of Judgment. (Doc. 22). While the Notice was filed more than nine

months ago (on December 5, 2025), Defendant took no action to seal the document until three months after the case had been closed. Now, Defendant argues that the Notice should be sealed because it contains confidential settlement information.

As an initial matter, Defendant offers no explanation as to why it is now critical that the Notice be sealed after it has been publicly filed for nine months. Moreover, Defendant's argument that the confidential settlement terms were never intended for filing is unavailing as the Rule 68 Offer of Judgment—which Defendant served on Plaintiffs in efforts to resolve the claims in this case—specifically, stated that pursuant to Rule 68(a) of the Federal Rules of Civil Procedure, if the opposing party serves written notice accepting the offer, "either party may then file the offer and notice of acceptance, plus proof of service." (Doc. 22 at ¶10). And finally, it appears that the only potentially confidential information in the Notice is the dollar amount of the Offer of Judgment, which could easily be redacted without sealing the entire document.

Accordingly, Defendant's motion to seal (Doc. is **denied without prejudice.** If Defendant renews this motion, it shall provide a compelling reason why sealing the entire Notice is justified and/or shall propose specifically how the Notice should be redacted to protect confidential information.

DONE and ORDERED in Ocala, Florida on September 16, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party